IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

NSA AUTO TRANSPORT, LLC,

    Plaintiff,

v.    Civil Action No. 3:22-cv-00671

CONTRACT FREIGHTERS, INC.,

    Defendant.

## MEMO IN SUPPORT OF DEFENDANTS MOTION TO DISMISS FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE, MOTION FOR CHANGE OF VENUE

Defendant Contract Freighters, Inc., ("CFI"), by counsel, pursuant to the Federal Rules of Civil Procedure Rule 12(b)(3) and Sections 1404(a) and 1406(a), Title 28, United States Code, states as follows for its Memorandum in Support of its Motion to Dismiss for Improper Venue or, in the alternative, Motion for Change of Venue:

### Factual Background

Plaintiff filed a Complaint in the Circuit Court for the City of Richmond on August 30, 2022. CFI timely filed an Answer, which included an objection to venue, and Defendant's Objection to Venue and Motion to Dismiss Pursuant to Va. Code Ann. § 8.01-265,[1] on October 11, 2022. Plaintiff is a limited liability corporation incorporated in Virginia with its principal place of business in Chesterfield, Virginia. CFI is incorporated in Missouri with its principal place of business at Joplin, Missouri. See Declaration of Daniel B. Fowler, attached hereto as Exhibit A. On October 19, 2022, CFI removed this case to this Court on the basis of diversity jurisdiction.

---

[1] A Motion to Dismiss Pursuant to Va. Code Ann. § 8.01-265 is the Virginia court equivalence of a Federal Rule 12(b)(3) Motion to Dismiss for Improper Venue.

Plaintiff's lawsuit seeks $500,000.00 in compensatory damages against CFI, for property damage that allegedly occurred during an accident on June 4, 2022, between Plaintiff's and CFI's vehicle. This alleged accident occurred at a Loves Truck Stop Store located at 400 NW Frontage Rd., Troutdale, OR 97060. See Declaration of Robert Tacner, attached hereto as Exhibit B. Tacner, the driver of the CFI vehicle involved in the accident, lives in Flagstaff, Arizona. Exhibit B.

## Argument

**I.     This action should be dismissed pursuant to F.R.C.P. 12(b)(3) because the United States District Court for the Eastern District of Virginia, Richmond Division, is not a proper venue.**

Federal Rules of Civil Procedure Rule 12(b)(3) allows a party to move to dismiss a case for improper venue. Fed. R. Civ. P. 12(b)(3). "A civil action may be brought in (1) a judicial district in which any defendant resides, . . . [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391 (only "*if* there is no district in which an action may otherwise be brought," may the case be brough in a judicial district in which a defendant is subject to personal jurisdiction) (emphasis added). CFI is not a resident of Virginia. See Exhibit A. This accident did not occur in Richmond, Virginia. See Exhibit B. Plaintiff's claim do not arise out of, nor have any connection with, any business transacted by CFI in this state and district. The United States District Court for the Eastern District of Virginia, Richmond Division, is not a proper venue. Accordingly, this action must be dismissed.

**II.    Pursuant to 28 U.S.C. § 1406(a), this action should be transferred to the United States District Court of Oregon, Portland Division, which is a proper venue.**

Section 1406(a), Title 28, United States Code permits the Court to either dismiss a case that is in an improper venue or, in the interests of justice, transfer such case to any district or division in

which it could have been brought. 28 U.S.C.S. § 1406 (a); Conte v. Virginia, 2020 U.S. Dist. LEXIS 120936, *15 (E.D. Va., 2020) ("Having concluded that venue is improper in the Eastern District of Virginia, the Court must consider whether to dismiss or where to transfer the action. The Court . . . finds it in the interest of justice to transfer the case to the Western District of Virginia where it originally could have been brought."); Leonard v. Mylan, Inc., 718 F. Supp. 2d 741, 744 (S.D. W.Va., 2010) (stating that transfer is a merely a remedy to a venue defect).

Under 28 U.S.C. § 1391, this action could have been brought by Plaintiff in the United States District Court of Oregon, Portland Division, where the alleged events giving rise to this claim occurred, or the United States District Court of Missouri, Southwestern Division, where CFI resides. The United States District Court of Oregon, Portland Division, is not only a proper venue, but, as laid out below, it is also the most convenient for all parties. For the reasons stated above, this action should be dismissed for improper venue based on Fed. R. Civ. P. 12(b)(3), or, alternatively, be transferred pursuant to 28 U.S.C.S. § 1406 (a) to the United States District Court of Oregon, Portland Division, where the events giving rise to the alleged accident occurred.

### III. Alternatively, even if the United States District Court for the Eastern District of Virginia, Richmond Division, is a proper venue, this action should be transferred to the United States District Court of Oregon, Portland Division, pursuant to 28 U.S.C 1404(a).

Section 1404(a), Title 28, United States Code permits the Court to transfer any civil action to any other district or division where it might have been brought "[f]or the convenience of parties and witnesses [and] in the interests of justice . . . ." 28 U.S.C.S. § 1404 (a). The Court must make two inquiries when deciding whether to transfer venue, "'(1) whether the claims might have been brought in the transferee forum, and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum.'" Sunstone Info. Def., Inc. v. F5 Networks, Inc., 2021 U.S. Dist. LEXIS 234539, *5 (E.D. Va. 2021) (citing Virginia Innovation Scis., Inc. v.

3

Samsung Elecs. Co., 928 F. Supp. 2d 863, 867 (E.D. Va. 2013) (citing Koh v. Microtek Intern., Inc., 250 F. Supp. 2d 627, 630 (E.D. Va. 2003)).

The Court's first inquiry is whether the transferee forum—in this case the United States District Court of Oregon, Portland Division—is a proper venue. As stated previously, a civil action may be brought in (1) a judicial district in which any defendant resides, . . . [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391. Under 28 U.S.C. § 1391, this action could have been brought by Plaintiff in the United States District Court of Oregon, Portland Division, where the alleged events giving rise to this claim occurred, or the United States District Court of Missouri, Southwestern Division, where CFI resides. Thus, the first inquiry is satisfied, as either the United States District Court of Oregon, Portland Division, or the United States District Court of Missouri, Southwestern Division, are proper venues.

"The second prong of the 1404(a) analysis is a balancing test that weighs '(1) plaintiff's choice of forum, (2) convenience of the parties, (3) witness convenience and access, and (4) the interest of justice.'" Pragmatus AV, LLC v. Facebook, Inc., 769 F. Supp. 2d 991, 994-95 (E.D. Va. 2011) (citing Heinz Kettler GMBH & Co. v. Razor USA, LLC, 750 F. Supp. 2d 660, 667 (E.D. Va. 2010)).

The weight accorded to a Plaintiff's choice in venue "varies with the significance of the contacts between the venue chosen by plaintiff and the underlying cause of action." Virginia Innovation Scis., Inc., 928 F. Supp. 2d, 863, 869 (E.D. Va. 2013) (citing Pragmatus AV, LLC v. Facebook, Inc., 769 F. Supp. 2d 991, 995 (E.D. Va. 2011). Plaintiff's underlying cause of action has no significant connection with Virginia. This accident occurred in Oregon, on Oregon roads, where Oregon law should apply. See Exhibit B. While CFI has performed business in Virginia, this

accident did not have anything to do with its occasional business in Virginia, or its authority to do business in Virginia. Therefore, Plaintiff's choice in venue should carry little weight in this inquiry.

As for the remaining factors in this inquiry, the United States District Court of Oregon, Portland Division, is the most convenient forum available in this case. Oregon is more convenient for CFI, as both its driver and witness co-driver, Shawna Wagoner, are based on the west coast. It is more convenient for potential witnesses in this case, such as tow truck drivers, bystanders, and any individuals who examined or repaired the allegedly damaged property.[2] An Oregon court will have access to survey the location of the accident, as needed. For all of the above reasons, this action should be transferred pursuant to 28 U.S.C.S. § 1404(a) to the United States District Court of Oregon, Portland Division, because it is a proper venue and is the most convenient forum available for this case.

WHEREFORE, Defendant Contract Freighters, Inc., by counsel, respectfully requests that this action be dismissed from the United States District Court of the Eastern District of Virginia, Richmond Division, or, in the alternative, this action be transferred to a proper and convenient venue, such as the United States District Court of Oregon, Portland Division, and any and all other relief which the Court deems fit.

---

[2] Upon CFI's information and belief, the allegedly damaged property is still located in Oregon, and the following tow-truck operators and body shops have information regarding the damages at issue in this case and are all located in the Portland, Oregon area: Pape Kenworth Body Shop – Portland, Northwestern Towing and Recovery, and Van's Towing.

**CONTRACT FREIGHTERS, INC.**

By: /s _____
D. Cameron Beck, Jr. (VSB No. 39195)
Sarah K. Knarzer (VSB No. 97063)
MCCANDLISH HOLTON, PC
P.O. Box 796
1111 E. Main Street, Suite 2100
Richmond, Virginia 23219
Tel.: (804) 344-6322
Fax: (804) 819-1163
cbeck@lawmh.com
sknarzer@lawmh.com
*Counsel for CFI*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of October 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to the following:

C. Jay Robbins, IV (VSB No. 22847)
C. Jay Robbins, IV P.C.
8003 Frankling Farms Road, Suite 233
Richmond, VA 23229
Phone: (804) 299-4208
Fax: (804) 774-7527
cjr@robbins.legal
*Counsel for Plaintiff*

/s/ _____
D. Cameron Beck, Jr. (VSB No. 39195)
Sarah K. Knarzer (VSB No. 97063)
MCCANDLISH HOLTON, PC
P.O. Box 796
1111 E. Main Street, Suite 2100
Richmond, Virginia 23219
Tel.: (804) 344-6322
Fax: (804) 819-1163
cbeck@lawmh.com
sknarzer@lawmh.com
*Counsel for CFI*
