IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

NSA AUTO TRANSPORT, LLC,     )
          Plaintiff,     )
                             )
       v.                   )           Civil Action No. 3:22CV671 (RCY)
                             )
CONTRACT FREIGHTERS, INC.,     )
          Defendant.     )
_____)

**MEMORANDUM OPINION**

This matter comes before the Court on Defendant's Motion to Dismiss for Improper Venue or in the Alternative, Motion to Transfer Venue to the District of Oregon, Portland Division (ECF Nos. 2 and 5).  The Motions have been fully briefed, and the Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process.  For reasons stated below, the Court will deny Defendant's Motion to Dismiss for Improper Venue (henceforth, "Motion to Dismiss") but grant the alternative Motion to Transfer Venue to the District of Oregon, Portland Division (henceforth, "Motion to Transfer").

**I. BACKGROUND**

Plaintiff NSA Auto Transport, LLC ("Plaintiff" or "NSA") is a Virginia limited liability company and, based on the citizenship of its sole member and owner, M. Naseem Rahimi, a citizen of Virginia.  (Am. Not. Removal ¶ 6, ECF No. 11.)  NSA operates a long-haul trucking business. Defendant Contract Freighters, Inc. ("Defendant" or "CFI") is also in the trucking industry and is incorporated in Missouri with its principal place of business in Joplin, Missouri.  (Mem. Supp. Def. Mot. Dismiss 1, ECF No. 6.)

On June 4, 2022, a vehicle owned by Defendant and operated by an agent of Defendant struck Plaintiff's vehicle at Love's Truck Stop Store #449 located at 400 NW Frontage Rd., Troutdale, OR 97060.  (Compl. ¶ 5, ECF No. 1-3; Mem. Supp. Def. Mot. Dismiss 2.)  Defendant's vehicle involved in the incident was driven by Robert Tacner.  (Tacner Decl. ¶ 1, ECF No. 6-2.)  Plaintiff's truck was being operated by Ahmed Jafari, who was asleep in the rear compartment of the parked vehicle at the time of the incident.  (Ahmed Jafari Decl. ¶ 2, ECF No. 7-3.)  Plaintiff filed this action against Defendant for negligence and is seeking compensatory damages of $500,000.  (Compl. ¶¶ 8–10.)

## II. PROCEDURAL HISTORY

Plaintiff filed its Complaint in the Circuit Court for the City of Richmond on August 30, 2022[1] alleging negligence and served Defendant on September 19, 2022 (ECF No. 1-3).  Defendant filed an Answer on October 11, 2022 (ECF No. 1-4).  In that Answer and in a separate motion submitted on the same day, Defendant objected to venue, stating that Richmond, Virginia is not a proper venue for the accident and moved to dismiss the action for lack of proper venue.  (*Id.* ¶ 18; *see also* ECF Nos. 3 and 6).  On October 19, 2022, Defendant removed the action to the United States District Court for the Eastern District of Virginia, Richmond Division on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 and § 1441(a).  (ECF No. 1 ¶¶ 7–9.)  Also on October 19, 2022, Defendant filed a Motion to Dismiss for Improper Venue or, in the Alternative, Motion for Transfer of Venue (ECF No. 2) and a Memorandum in Support (ECF No. 3) on October 19, 2022.  Defendant then appears to have mistakenly re-filed an identical Motion (ECF No. 5) and Memorandum in Support (ECF No. 6), again on October 19, 2022.  Plaintiff filed

---

[1] Defendant's Notice of Removal (ECF No. 1) states that Plaintiff filed the Complaint on August 30, 2022, but the copy of the Complaint (ECF No. 1, Exhibit 1) indicates that it was filed with the clerk on September 12, 2022.

a Response in Opposition to Defendant's Motion to Dismiss and Motion to Transfer (ECF No. 7) on November 2, 2022. Defendant filed a Reply (ECF No. 9) on November 8, 2022. The Court issued an Order (ECF No. 10) on January 20, 2023, directing Defendant to file an Amended Notice of Removal with the necessary information for the Court to determine whether subject matter jurisdiction based on diversity of citizenship exists. Defendant filed the Amended Notice of Removal (ECF No. 11) on January 24, 2023. Having determined that the requirements for diversity jurisdiction are satisfied, the Court now turns to a substantive review of Defendant's Motions.

### III. STANDARDS OF REVIEW

**A. Motion to Dismiss for Improper Venue**

In order to survive a motion to dismiss for improper venue without an evidentiary hearing, the plaintiff must make a *prima facie* showing of venue. *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004). A court may consider evidence outside of the pleadings when ruling on a motion for improper venue. *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006). Whether venue is proper is determined by 28 U.S.C. § 1391 as modified by the Eastern District of Virginia's Local Rule 3(C). Local Rule 3(C) states that "28 U.S.C. § 1391 *et seq.* shall be construed as if the terms 'judicial district' and 'district' were replaced with the term 'division.'" E.D. Va. Loc. R. 3(C). As such, § 1391(b) should be read as:

> A civil action may be brought in – (1) a [division] where any defendant resides, if all defendants reside in the same State, (2) a [division] in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a [division] in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no [division] in which the action may otherwise be brought.

28 U.S.C. § 1391(b); E.D. Va. Loc. R. 3(C).

When evaluating "whether events or omissions are sufficiently substantial to support venue," the court should not exclusively focus "on those matters that are in dispute or that directly led to the filing of the action." *Mitrano*, 377 F.3d at 405 (citation omitted). The court should instead "review 'the entire sequence of events underlying the claim.'" *Id.* (quoting *Uffner v. La Reunion Francaise, S.A.,* 244 F.3d 38, 42 (1st Cir. 2001)). For venue purposes, defendant corporations are found to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). As such, to determine whether a judicial district has personal jurisdiction over corporations, the court must look at the corporation's contacts with that district, specifically analyzing "the relationship among the defendant, the forum, and the litigation." *LG Elec. Inc. v. Advance Creative Comput. Corp.*, 131 F. Supp. 2d 804, 810 (E.D.Va. 2001); *Blankenship v. Napolitano*, 451 F. Supp. 3d 596, 613 (S.D.W. Va. 2020) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).

Under 28 U.S.C. § 1406(a), "if venue is found to be improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

**B. Motion to Transfer**

Under 28 U.S.C. § 1404(a), a civil action may be transferred to another district or division if "(1) the claims might have been brought in the transferee forum, and (2) [the] interest of justice and convenience of the parties and witnesses justify transfer to that forum." *Va. Innovation Scis., Inc. v. Samsung Elecs. Co.*, 928 F. Supp. 2d 863, 867 (E.D. Va. 2013) (quoting *Koh v. Microtek Intern., Inc.*, 250 F. Supp. 2d 627, 630 (E.D. Va. 2003)). Once it is established that the action could have been brought in the transferee forum, the second part of the analysis involves a balancing test, focused on: (1) plaintiff's choice of forum; (2) the convenience of the parties; (3)

witness convenience and access; and (4) the interest of justice.  *Id.* (quoting *Pragmatus AV, LLC v. Facebook, Inc.*, 769 F. Supp. 991, 994–95 (E.D. Va. 2011)).

## IV. DISCUSSION

### A. 12(b)(3) Motion to Dismiss for Improper Venue

The Court finds that venue is improper in the Eastern District of Virginia, Richmond Division, because none of the three § 1391(b) avenues for venue apply:  Defendant is not a resident of the district or even the state in which this Court is located; the substantial part of events or omissions giving rise to the present claims did not occur in this division or district; and finally, Defendant is not subject to this court's personal jurisdiction.  The first and third inquiries run together in this case, as, for purposes of venue under 28 U.S.C. § 1391, Defendant is a resident of any judicial district where it is subject to that "court's personal jurisdiction with respect to the civil action in question."  28 U.S.C. § 1391(c)(2).  Whether the Eastern District of Virginia, Richmond Division has personal jurisdiction over Defendant involves an inquiry into whether Defendant has sufficient minimum contacts with the forum state.  *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Plaintiff argues that Defendant is subject to personal jurisdiction in Virginia because Defendant maintains a registered agent in Richmond, Virginia and is authorized to do business in Virginia.  (Mem. Opp'n Def. Mot. Dismiss 2, ECF No. 7.)  Furthermore, Plaintiff points to the fact that Heartland Express, which recently acquired CFI, owns and operates a facility in Chester, Virginia.  *Id.*  However, "jurisdiction over a parent corporation [does not] automatically establish jurisdiction over a wholly owned subsidiary."  *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 n. 13 (1984).  The Supreme Court has also previously stated that "a corporation that operates in many places can scarcely be deemed at home in all of them."  *Daimler AG v. Bauman*, 571 U.S. 117 n.

20 (2014).  For the reasons set forth below, the Court finds that there is neither general personal

jurisdiction nor specific personal jurisdiction over Defendant in Virginia.  Specifically, Defendant

is incorporated in the state of Missouri and its principal place of business is located in Joplin,

Missouri.  (Fowler Decl. ¶¶ 3–4, ECF No. 6-1.)  Plaintiff has neither shown that Defendant had

"continuous and systematic activities" in Virginia nor that Defendant "purposely established

minimum contacts in [Virginia] such that it should reasonably anticipate being haled into court

there on a claim arising out of those contacts." *Goodyear Dunlop Tires Operations, S.A. v. Brown*,

594 U.S. 915, 919 (2011); *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985).  *See also*

*Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 134 (4th Cir. 2020) (holding that nonresident hotel

operator's contacts with state were not sufficient to make it "at home" because only ninety of its

6,200 hotels were in the state and those were all franchises or licensed by a hotel operator); *Walden*

*v. Fiore*, 571 U.S. 277, 288 (2014) (finding that nonresident petitioner lacked sufficient contacts

with Nevada because "no part of petitioner's course of conduct occurred in Nevada").  *But see*

*Independent Printers Worldwide, Inc. v. Cole*, No. 3:15-CV-185-JAG, 2015 WL 4705507, at *6

(E.D. Va. Aug. 6, 2015) (holding that a nonresident defendant corporation's three-year-long

business relationship with Virginia limited liability company was sufficient for personal

jurisdiction).  Even if Plaintiff had presented more extensive evidence of Defendant's general

business contacts in Virginia, the current action has no connection with those contacts nor with

this forum. *See Shaffer*, 433 U.S. at 204 ("[T]he relationship among the defendant, the forum, and

the litigation . . . became the central concern of the inquiry into personal jurisdiction.").

On top of the jurisdictional deficiencies, a "substantial part of the events or omissions

giving rise to the claim" did not occur in Virginia, but rather occurred in Oregon.  28 U.S.C.

§ 1391(b)(1)–(2), (c)(2).  Even in considering "the entire sequence of events underlying the claim,"

*Mitrano*, 377 F.3d at 405, the record supports proper venue in Oregon. According to the record, the accident in question occurred at a truck stop in Troutdale, Oregon, and no part of the relevant events took place in Richmond, Virginia. (Mem. Supp. Def. Mot. Dismiss 2; Tacner Decl. ¶ 3.)

Although venue is improper, the Court declines to dismiss the case, instead finding that transfer is more appropriate. In deciding whether to dismiss or transfer a case, the court in *Fitzpatrick v. Allyn, et al.* considered the "general purpose of section 1406(a) . . . of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits" to be most importantly focused on the effect on the plaintiff. No. 1:11cv2202, 2012 WL 346634 (D. Md. Feb. 1, 2012). In *Fitzpatrick*, the court considered the inconvenience and financial cost for the plaintiff in the event of dismissal, explaining that dismissal would force the plaintiff to refile to have his issues adjudicated. *Id.* Similarly in this case, dismissal would require Plaintiff to refile in either Missouri or Oregon, which would be unnecessarily costly for Plaintiff and duplicative for the courts. As such, the Court will deny the Motion to Dismiss. The Court now turns to its analysis of Defendant's Motion to Transfer, tendered as an alternative should the Court deny Defendant's Motion to Dismiss.

**B. Motion to Transfer to a Proper Venue**

Under § 1404, transfer of venue involves a two-step analysis: (1) whether the action could have been brought in the transferee forum, and (2) whether the interests of justice and convenience of the parties justify transfer to the transferee forum. *Va. Innovation Scis., Inc.,* 928 F. Supp. 2d at 868–89. The Court finds that the analysis weighs in favor of transfer because venue would be proper in the District of Oregon, Portland Division, and the interests of justice favor transfer.

The first factor of the analysis is satisfied because this action could have been brought in the District of Oregon, Portland Division, as venue would have been proper under § 1391(b)(2).

The accident occurred in Troutdale, Oregon which is located in Multnomah County and part of the Portland Division. (Mem. Supp. Def. Mot. Dismiss 3.) Plaintiff argues that it could not have originally brought this action in Oregon because it is not authorized to transact business in Oregon and according to Oregon law must obtain authorization from the Secretary of State in order to file an action in court. (Mem. Opp'n Def. Mot. Dismiss 3 n.1); OR. REV. STAT. 63.704. However, as Defendant correctly states, the Oregon law cited by Plaintiff contains an exception for those "transacting business in interstate commerce," a category which includes Plaintiff's long-distance transportation business. (Reply to Mem. Opp'n Mot. Dismiss 2 n.2, ECF No. 9); OR. REV. STAT. ANN. § 63.701(2)(k) (West). As such, the first factor of this analysis is met.

The second part of the analysis, the balancing of the § 1404(a) factors, also weighs in favor of transfer. Although Defendant fails to fully articulate how the convenience factors weigh clearly in favor of transfer, the Court nevertheless finds that the interests of justice strongly justify transfer to the District of Oregon, Portland Division.

### 1. Plaintiff's Choice of Forum

Although Plaintiff's choice of forum is significant, the weight given to that choice depends on the nexus between the forum and the instant action. *Va. Innovation Scis.*, 928 F. Supp. 2d at 879; *see also Intranexus, Inc. v. Siemens Med. Sols. Health Servs. Corp.*, 227 F.Supp.2d 581, 583 (E.D. Va. 2002); *Pragmatus AV, LLC*, 769 F. Supp. 2d at 995 (stating that the weight given to a plaintiff's choice of forum varies depending on the "significance of the contacts between the venue chosen by plaintiff and the underlying cause of action"). As Defendant correctly states, there is very little connection between the accident in Oregon and the Eastern District of Virginia. (Mem. Supp. Def. Mot. Dismiss 4). The accident at the center of this civil action occurred in Oregon, the driver of Defendant CFI's vehicle involved in the accident lives in Arizona, and Defendant CFI is

domiciled in Missouri. Furthermore, although Defendant has business connections in Virginia, those business connections bear no connection with the accident in question. *Id.* at 4–5. As such, Plaintiff's choice of forum in this case is entitled to little weight, and so this factor does not weigh heavily against transfer.

### 2. Convenience of Parties

As the movant, Defendant has the burden of showing that (1) the original forum is inconvenient for the Defendant and (2) transfer will not substantially inconvenience Plaintiff. *See Koh*, 250 F. Supp. 2d at 636. The parties' residencies are also taken into consideration, although that information is not dispositive and may be outweighed by considerations of the convenience of witnesses and the interests of justice. *Id.*

Defendant is a resident of Missouri and Plaintiff is a resident of Virginia. (Mem. Supp. Def. Mot. Dismiss 1.) Defendant claims that Oregon would be a more convenient forum due to the location of Defendant's party and non-party witnesses. *Id.* at 5. Plaintiff asserts that litigating in Oregon would be burdensome and has offered declarations from Mr. Rahimi, owner of NSA Auto, and Mr. Jafari, the driver involved in the accident, supporting this argument. (Mem. Opp'n Def. Mot. Dismiss 4; Rahimi Decl., ECF No. 7-2; Jafari Decl.) In these declarations, Mr. Rahimi and Mr. Jafari assert that neither of them is paid when they are not driving their trucks and that the company cannot afford to travel to Oregon to litigate. (Rahimi Decl. 2; Jafari Decl. ¶¶ 4[2]–5.) Mr. Rahimi also specifically explains that the company is unable to afford the costs of video deposition as an alternative to getting witnesses to court in Oregon. (Jafari Decl. ¶ 9.) Plaintiff further contends that the significant differences in revenue between the two parties would place an undue

---

[2] Plaintiff incorrectly numbered two paragraphs "3" in its attached declaration of Mr. Jafari. For the purposes of this opinion, the second incorrectly numbered paragraph 3 will be "paragraph 4." (ECF No. 7-3).

and disproportionate burden on Plaintiff if venue were to be transferred, as Defendant's revenue is "715 times the revenue of Plaintiff."[3]  (Mem. Opp'n Def. Mot. Dismiss 4.)  Defendant has not demonstrated that Virginia is inconvenient for it and has merely stated that its witnesses are west coast-based.  (Mem. Supp. Def. Mot. Dismiss 5).

Courts in the Eastern District of Virginia maintain that "even though a defendant may be inconvenienced by litigating an action in a plaintiff's home district," as Virginia is Plaintiff's home district, "transfer is not appropriate where it would likely only serve to 'shift the balance of inconvenience'" from one party to the other.  *JTH Tax, Inc. v. Lee*, 482 F. Supp. 731, 738 (E.D. Va. 2007).  Although Oregon is not Defendant's home forum, transferring the case to the District of Oregon would "merely shift the inconvenience" from Defendant to Plaintiff, requiring Plaintiff to absorb the same inconveniences objected by Defendant for itself.  *See Nardone v. Nat'l Strategic Grp.*, No. 2:21-CV-732, 2022 WL 853204, at *3 (E.D. Va. Mar. 22, 2022).  Furthermore, Defendant has not met its obligation in showing that transfer would not substantially inconvenience Plaintiff.  Therefore, this factor weighs against transfer.

### 3. Convenience of Witnesses

Witness convenience is a very important factor and often dispositive for transfer decisions. *See Koh*, 250 F. Supp. 2d at 636 (citing *Board of Trustees, Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1258 (E.D. Va. 1988)).  Notably, this factor requires the movant to "provide particularized information of a witness's potential

---

[3] Plaintiff cites a case from the District of Oregon in support of its contention that the economic disparities between Plaintiff and Defendant should be taken into consideration in this decision and that jury view is unnecessary. *Telephone Management Corp. v. Goodyear Tire & Rubber Co.*, 5 F. Supp. 2d 896, 899 (D. Oregon 1998); (Reply to Mem. Opp'n Mot. Dismiss 5).  In that case, despite noting that Goodyear could more easily afford the expense of having witnesses appear in a distant forum, the court still found that only one of TMC's corporate representatives needed to attend trial and ruled in favor of Goodyear to transfer the case.  *Id.* at  Furthermore, although that court decided that jury view was unnecessary, that case was factually distinct as it involved a contractual dispute.  *Id.*

testimony, how that testimony is material and non-cumulative, or the degree to which it will be inconvenient to access that testimony in this district." *Id*. Defendant, as the movant, has the burden of demonstrating that Oregon is a more convenient venue for its non-party witnesses and is required to provide "sufficient details respecting the witnesses and their potential testimony." *Id*. In considering this factor, the court also must consider factors including the "ease of access to sources of proof, the cost of obtaining the attendance of witnesses, and the availability of compulsory process." *Lycos, Inc. v. TiVo, Inc.*, 499 F. Supp. 685, 693 (E.D. Va. 2007) (citation omitted).

Defendant has identified two specific non-party witnesses: Defendant's driver, Robert Tacner, and Defendant's co-driver, Shawna Wagoner, both of whom are "based on the west coast" (Mem. Supp. Def. Mot. Dismiss 5.) Defendant has not specifically identified what the testimony of these witnesses may include. Plaintiff has identified its driver, Ahmed Jafari, as a non-party witness. (Mem. Opp'n Def. Mot. Dismiss 5.) It is unclear where Mr. Jafari resides, but he is not paid for the times he is not driving for NSA, meaning that he would not be compensated for any time spent in litigation in Oregon and therefore he would be inconvenienced were he required to travel there to testify. (Jafari Decl. ¶ 4.)

In *Fitzgibbon v. Radack*, the court held that the movant had not met her burden in showing that the forum was inconvenient for witnesses because she had failed to articulate "what information each of [the] witnesses [would] provide, how important they [were] to the case, or how they [would] be inconvenienced" by having to appear in the plaintiff's choice of forum. 597 B.R. 836, 843 (E.D.Va. 2019). Because of this, the court held that this factor weighed in favor of the plaintiff. *Id.* In this case, Defendant has not specified what information its witnesses will provide, only that Tacner and Wagoner were present and awake for the accident. (Mem. Supp.

Def. Mot. Dismiss 6; Reply to Mem. Opp'n Mot. Dismiss 4.)  Defendant alluded to "potential witnesses," including tow truck drivers, bystanders, and "any individuals who examined or repaired the allegedly damaged property" but did not identify witnesses by name or the information they could provide.  (Mem. Supp. Def. Mot. Dismiss 5.)  Furthermore, the Court notes that because the accident occurred at a truck stop, it is likely that relevant bystander witnesses include other truck drivers who would not be local to Oregon given the transient nature of the profession.

Defendant also argues that, pursuant to Federal Rule of Civil Procedure 45(c)(1)(A), the Eastern District of Virginia, Richmond Division cannot compel Defendant's non-party witnesses to testify since this court is over 100 miles away from where these potential non-party witnesses reside on the west coast.  (Reply to Mem. Opp'n Mot. Dismiss 4 n.6.)  This argument neither weighs in favor of Defendant nor Plaintiff because Defendant has not specified where on the west coast its non-party witnesses reside and thus it is unclear whether those witnesses would be within the Oregon court's own 100-mile subpoena power.[4]

Although Defendant has not provided particularized information about potential witnesses and their testimony, courts in the Eastern District of Virginia have previously decided that evidence in the record was sufficient to show that a forum would be inconvenient for non-party witnesses even though the movant did not elaborate or provide affidavits regarding potential witness testimony.  *See Corry v. CFM Majestic Inc.*, 16 F. Supp. 660, 666 (E.D. Va. 1998).  In *Corry v. CFM Majestic Inc.*, the court found that the record permitted the inference that, absent contrary evidence from the non-movant, witnesses would be in the forum where the events giving rise to the suit occurred.  *Id.*  In that case, the chosen forum bore little to no connection to the cause of

---

[4] The designation "west coast" is unspecific and includes cities like Los Angeles, California, which is over 800 miles away from Portland, Oregon, putting it well outside the Oregon court's subpoena power.

action.  *Id.*  The court explained that "since the cause of action has little or no connection to [Virginia], it is not surprising that none of the witnesses are located in Virginia."  *Id.*  As such, it can be inferred that there would be significant witness inconvenience without transfer.  *Id.*  Furthermore, in *Koh v. Microtek Intern., Inc.*, the district court found that in the absence of a "particularized showing," a consideration of the ease of access to sources of proof favored transfer because the movant had successfully shown that the "center of the accused activity" was in the transferee forum.  250 F. Supp. 2d at 638.  Although in the present case there is a strong likelihood that at least some relevant witnesses are not local to Oregon, Defendant has shown that the center of this cause of action took place in Oregon, thus permitting the inference that relevant witnesses are likely *not* in Virginia.  (Mem. Supp. Def. Mot. Dismiss 5.)  Because of this, it can be inferred that witnesses could face significant inconvenience if the case is not transferred, and the parties likewise would face inconveniences obtaining testimony in this district.

Courts have also held that when the *non*-movant also fails to specifically outline the content of potential testimony, the "convenience of witnesses" factor will not be determinative, and that it becomes appropriate to consider the interest of justice factor more heavily.  *Affinity Memory & Micro, Inc. v. K & Q Enter., Inc.*, 20 F. Supp. 2d 948, 955 (E.D. Va. 1998).  Plaintiff has identified one non-party witness, Mr. Jafari, but has not specified what his potential testimony will include.  (Mem. Opp'n Def. Mot. Dismiss 5.)  Accordingly, based on the limited array of information presented by both parties, the Court finds that, though not dispositive, this third factor leans more in favor of transfer because of the likely ease of access to certain sources of proof in Oregon, compared to Virginia.

**4. Interest of Justice**

The fourth and final factor, the interest of justice, weighs in favor of transferring this case to the District of Oregon. This factor "encompasses public interest factors aimed at 'systemic integrity and fairness,'" most focused on "judicial economy and the avoidance of inconsistent judgments." *Va. Innovation Scis., Inc.*, 928 F. Supp. 2d at 872. Specific considerations include: (1) the pendency of a related action; (2) the court's familiarity with applicable law; (3) docket conditions; (4) access to premises that might have to be viewed; (5) the possibility of unfair trial; (6) ability to join other parties; (7) possibility of harassment; and (8) interest of having local controversies decided at home. *Id.* at 872. Most relevant to this case are the court's familiarity with applicable law in diversity cases; access to premises that might have to be viewed; and the interest in having local controversies decided at home. *Id.*

Defendant argues that because "the accident occurred in Oregon, on Oregon roads, where an Oregon jury and Oregon Court should interpret Oregon law," the interests of justice favor transferring the case to Oregon. (Reply to Mem. Opp'n Mot. Dismiss 3.) The Court agrees. In *JTH Tax, Inc. v. Houle*, the Eastern District of Virginia stated that access to premises that might have to be viewed weighed in favor of the movant because the core of the incident in question— in that case, trademark infringement—took place in the transferee forum. 2011 WL 5006941, at *3. That court further emphasized the importance of having local controversies decided at home. *Id.* at *4. In the present case, it is likely that local interests will be best served by having the controversy decided in the state in which the inciting incident occurred. Since the accident occurred in Oregon and not in Virginia, Oregon has a greater interest in resolving the case.

Furthermore, since it is a diversity case, it is important to consider the Oregon court's familiarity with Oregon law.[5]  *See id.*

In a similar case, the District Court for the District of Columbia held that the interests of justice supported transfer to Alexandria, Virginia because "all of the events of import occurred in Alexandria, Virginia."  *Franklin v. Southern Ry. Co.*, 523 F. Supp. 521, 524 (D.D.C. 1981).  That court discussed the value of a jury view of the accident site in allowing it to understand the circumstances surrounding the incident.  *Id.*  Defendant has likewise argued the same, contending that the opportunity for jury view supports transfer to Oregon.  (Mem. Supp. Def. Mot. Dismiss 5.)  Plaintiff argues in the contrary that the federal court is unlikely to "pack up the jury, federal marshals, the judge's courtroom deputy and the judge's law clerk to travel 32 miles" to view the accident site.[6]  (Mem. Opp'n Def. Mot. Dismiss 4.)  *Franklin*, however, states that although jury views are rare, it is still favorable to at least create an opportunity for a jury to view the scene.  523 F. Supp. at 524.  The Court agrees and finds that the interest of justice weigh strongly in favor of transferring this case to Oregon because it is where the alleged action took place and because Oregon has a great interest in deciding a local controversy and interpreting Oregon law.

In summary, although Plaintiff's choice of forum and the convenience of parties factors weigh against transfer, Plaintiff's choice of forum in this case is not afforded great weight, and the convenience of witnesses and interest of justice weigh more strongly in favor of transfer.  Given

---

[5] When a disagreement arises about which jurisdiction's law governs in a diversity action, a federal district court generally applies state substantive law in accordance with the choice of law rules of the state in which the court sits.  *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941).  When a court grants a change in venue because the original venue was impermissible, the transferee court will likely apply its choice of law principles.  As such, the federal Court in Oregon would likely apply Oregon law, as neither party raises issues of the applicability of foreign law.  O.R.S. § 15.430.

[6] After its discussion about the lack of need for a jury view, Plaintiff argues that Defendant is negligent as a matter of law because it violated a portion of the Oregon traffic code.  That issue is not relevant to the present motion and will be left to the transferee forum to resolve.

the lack of connection between Virginia and the accident at issue, there is significant evidentiary and judicial value in having the case transferred to Oregon where the incident occurred. The Court will accordingly grant Defendant's alternative Motion to Transfer.

## V. CONCLUSION

For the reasons set forth above, the Court will deny Defendant's Motion to Dismiss for Improper Venue but grant Defendant's Motion to Transfer to the District of Oregon, Portland Division.

An appropriate Order shall issue.

_____ /s/

Roderick C. Young
United States District Judge

Richmond, Virginia
Date:  April 6, 2023